```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :

          - against -               :

DAVID B. CHALMERS, JR.,              :
OSCAR S. WYATT, JR.,
JOHN IRVING,                         :       MEMORANDUM DECISION
LUDMIL DIONISSIEV,
CATALINA del SOCORRO MIGUEL          :       S5 05 Cr. 59 (DC)
FUENTES, a/k/a "Cathy Miguel,"
MOHAMMED SAIDJI,                     :
BAYOIL (USA), INC.,
BAYOIL SUPPLY & TRADING LIMITED,     :
NAFTA PETROLEUM COMPANY LIMITED,
MEDNAFTA TRADING COMPANY LIMITED,    :
and SARENCO, S.A.,
                                     :
                 Defendants.
                                     :
- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**   (See last page)

**CHIN, D.J.**

       Defendants David B. Chalmers, Jr., Bayoil Supply & Trading Ltd., Bayoil (USA), Inc., and Ludmil Dionissiev move to compel the production of documents from the United Nations (the "UN") and the Independent Inquiry Committee (the "IIC") appointed by the UN Secretary-General to investigate the administration and management of the Oil-for-Food Programme in Iraq (the "Program"). Defendants also move for an order (1) holding the UN and the IIC in contempt of court for failing to fully respond to a subpoena, and (2) deferring the imposition of any sanctions on the UN or the IIC so long as the UN and the IIC produce all responsive documents within 20 days of such order. For the reasons that follow, defendants' motion is denied in all respects.

**BACKGROUND**

On January 19, 2006 defendants served a subpoena <u>duces tecum</u> on the UN. (<u>See</u> Ascher Aff. Ex. J). The UN did not respond. At a pre-trial conference on March 1, 2006, the Government reported that it had received documents from the UN and the IIC that were responsive to some of defendants' requests and had produced them to defendants. (<u>Id.</u> Ex. L). The Government represented that it would ask the UN and the IIC, on behalf of defendants, for further documents responsive to defendants' subpoena, which has since been supplemented by several letter requests. (<u>Id.</u>; <u>see</u> <u>id.</u> Exs. L, M, N, Q). These requests were forwarded to the IIC, which, in turn, produced responsive documents to defendants. As the IIC and the UN had done with respect to their productions to the Government, the IIC stated that it was producing documents "on a voluntary basis . . . for the purpose of the investigations being conducted by [the Government] and any resulting prosecutions, on the express understanding that such disclosure is without prejudice to the privileges and immunities of the [UN]." (<u>Id.</u> Ex. G.).

The IIC declined, however, to respond to certain requests, stating that the requests were vague or had been referred to the UN for further consideration. (<u>Id.</u>). The IIC also stated that it would not produce any documents in response to defendants' request for documents relating to interviews that the IIC had conducted as part of its investigation. (<u>Id.</u>).

2

This motion followed.  Defendants allege that the UN and the IIC have complied with the Government's document requests -- in contrast to their production to defendants -- giving the Government access to some 32,000 UN documents and 130,000 IIC documents.  Defendants argue that by virtue of this extensive disclosure to the Government, the UN and the IIC have waived any privileges or immunities that might ordinarily protect them from legal process.  By letters dated December 28, 2006 and January 18, 2007, the UN responded to the motion, not directly to the Court but through diplomatic channels, asking the Government to "take appropriate steps to ensure that the privileges and immunities of the [UN] are respected" and reiterating its willingness to "continue, on a strictly voluntary basis, and without prejudice to its privileges and immunities, its cooperation to facilitate the proper administration of justice" and "to consider the release of any relevant documentation it may possess with respect to the requests of defense counsel."

At a pre-trial conference on January 19, 2006, the U.S. Attorney's Office's Civil Division, at the request of the State Department, appeared "to attend to the treaty obligations of the United States to respect the immunity of the [UN]."  At the conference and in a letter dated January 19, 2006 ("Civil Div. Letter"), the Civil Division asserted that neither the UN nor the IIC has ever expressly waived immunity.

**DISCUSSION**

The Convention of Privileges and Immunities of the UN (the "Convention"), to which the U.S. is a party, provides that "[t]he [UN] . . . shall enjoy immunity from every form of legal process except insofar as it has expressly waived its immunity." 21 U.S.T. 1418, 1422, T.I.A.S. No. 6900, art. II, § 2 (1970); see Askir v. Brown & Root Servs. Corp., No. 95 Civ. 11008, 1997 WL 598587, at *6 (S.D.N.Y. Sept. 23, 1997). The UN also enjoys immunity from judicial process under the International Organizations Immunities Act ("IOIA"). See 22 U.S.C. §§ 288a(b) ("International organizations . . . shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity."). The IIC, as "experts on mission" for the UN, enjoys the same immunities from legal process as the UN. See Convention, art. VI, § 22. (See also Ringler Decl. ¶ 22 (Civil Div. Letter Ex. A)). The IIC shut down its operations on December 31, 2006; its documents are now in the possession of the UN. (See Civil Div. Letter Ex. B).

Express waiver requires a clear and unambiguous manifestation of the intent to waive. Cf. Libra Bank Ltd. v. Banco Nacional De Costa Rica, 676 F.2d 47, 49 (2d Cir. 1982) (holding that explicit waiver of immunity from prejudgment attachment under Foreign Sovereign Immunities Act must be "clear and unambiguous," so as to "preclude inadvertent, implied or constructive waiver in cases where the intent of the foreign

state is equivocal or ambiguous").  Here, there was no express waiver.  To the contrary, the production of documents by the UN was voluntary, and indeed the documents were produced under an express reservation of the UN's privileges and immunities.  There is simply no authority for defendants' broad proposition that the voluntary disclosure of documents by the UN -- a non-party -- constitutes an express waiver of its immunity.

Moreover, the UN has represented that it is willing to continue its efforts to produce documents to defendants, so long as such disclosure is without prejudice to its privileges and immunities.  To the extent the UN has not responded to defendants' requests on the ground that they are overly vague, defendants should specify the documents they seek.  To the extent the UN is not in possession of the documents requested or there is a specific procedure for requesting documents (see, e.g., Civil Div. Letter Ex. B (procedures for requesting IIC documents)), the UN has so advised defendants.  Defendants should submit their requests accordingly.

The UN has voluntarily produced a set of 144 files responsive to defendants' requests, including 65 records of communications on oil pricing between the UN and various oil purchasers, and a set of 79 UN files.  (UN Letter dated December 28, 2006; see also Ascher Aff. Exs. H, I, O, P, R (describing documents produced)).  Of course, the Government has also made available to defendants all the documents it received from the UN and the IIC.

5

At oral argument, I expressed some concern as to whether the playing field has been level, whether the Government has gained some advantage over defendants by virtue of the UN's responses to the Government's document requests and the lack of response to defendants' subpoena. I am satisfied that the playing field is as level as it can be, under all the circumstances. I do not, at the moment, believe there is any basis for precluding the Government from relying on UN documents at trial. I am satisfied that the UN and the IIC have been making a good faith effort to voluntarily produce the documents requested by defendants. Defendants have pointed to nothing concrete to cause the Court to doubt the UN's representation that it is cooperating "to facilitate the proper administration of justice."

For the foregoing reasons, defendants' motion is denied. If, after defendants follow up as discussed above, it appears the Government has gained some tactical advantage from the UN's response or lack thereof, defendants may renew their request for a preclusion order.

SO ORDERED.

Dated:   New York, New York
         February 26, 2007

_____
DENNY CHIN
United States District Judge

**APPEARANCES**

For the United States:

    MICHAEL J. GARCIA, Esq.
    United States Attorney for the
      Southern District of New York
        By:  Edward O'Callaghan, Esq.
           Stephen Miller, Esq.
           Michael Farbiarz, Esq.
           Assistant United States Attorneys
           Criminal Division
    One St. Andrew's Plaza
    New York, New York  10007

    - and -

        By:  Serrin Turner, Esq.
           Benjamin H. Torrance, Esq.
           Assistant United States Attorneys
           Civil Division
    86 Chambers Street, 3rd Floor
    New York, New York  10007

For Defendant David B. Chalmers, Jr.:

    JENNER & BLOCK LLP
        By:  Andrew Weissmann, Esq.
           Stephen L. Ascher, Esq.
           Harry Sandick, Esq.
    919 Third Avenue
    New York, New York 10022

For Defendants Bayoil Companies:

    WELSH & RECKER, P.C.
        By:  Catherine M. Recker, Esq.
           Amy Carver, Esq.
    2000 Market Street
    Philadelphia, Pennsylvania  19103

For Defendant Ludmil Dionissiev:

    DECHERT LLP
        By:  David M. Howard, Esq.
           Michael J. Gilbert, Esq.
           Tara L. Cooney, Esq.
    2929 Arch Street
    Philadelphia, Pennsylvania  19104